**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| THOMAS DONAHUE | : | Chapter 7 |
| | : | |
| Debtor. | : | Case No. 03-43906 |
| | : | |

**MOTION TO REOPEN CHAPTER 7 CASE TO AMEND SCHEDULE OF ASSETS**

Thomas Donahue (the "Debtor"), the debtor in the above-captioned closed chapter 7 case (the "Chapter 7 Case"), hereby submits this *Motion to Reopen Chapter 7 Case to Amend Schedule of Assets* (the "Motion").

The Court will hold a hearing on this motion on September 10, 2026, at 11:00am, in U.S. Bankruptcy Court, Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, Minnesota.

Any objection to this motion shall be delivered not later than September 4, 2026, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(a) and (o). Venue of this Chapter 7 Case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 350 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

**A. The Debtors' Bankruptcy Case**

2. On May 28, 2003, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota (the "Bankruptcy Court").

3. On or about July 3, 2003, the Chapter 7 Trustee filed his "No Asset Report."[1]

4. On January 5, 2004, an order closing the case was filed and the trustee was discharged [Docket No. 8].[1]

**B. Pre-Suit Legal Claim**

5. In January 2024, the Debtor began pursuing a legal claim against the Defendant Catholic Bishop of Joliet for abuse he sustained as a child during the 1960s.

6. In May 2025, the Defendant and Debtor agreed to settle the claim, pre-suit, for $20,000.

7. The Defendant has refused to finalize a settlement unless this Chapter 7 Case is reopened and the Debtor's schedules are amended to reflect the Pre-Suit Claim.

**RELIEF REQUESTED**

8. By this Motion, the Debtor respectfully request that the Court enter an order reopening the Chapter 7 Case to amend his schedules to include the State Court Action, seek such exemptions as are allowed under applicable law, and so any non-exempt value can be administered to the extent the claims are property of the estate. The Debtor asks the Court to reopen the case to allow the United States Trustee to determine if a chapter 7 trustee should be appointed after the schedules are deemed amended. If the U.S. Trustee declines to appoint a chapter 7 trustee, the

[1] The docket for this Chapter 7 Case is available on the Court's CM/ECF system. However, the documents themselves are not available. As such, unless stated otherwise, references to the docket herein are based on the titles of documents as listed on the CM/ECF system.

Debtor asks that the case be closed with no further action. In the alternative, the Debtor requests that the Court find that there is no need to appoint a chapter 7 trustee because the interests of creditors and the debtor will not be protected by such appointment and that the case be closed after the schedules are deemed amended.

**ARGUMENT**

9. Reopening the Debtors' Chapter 7 case is mandated here. Section 350(b) of the Bankruptcy Code provides: "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

10. Bankruptcy Rule 5010 governs the procedure for the reopening of cases under Bankruptcy Code section 350(b). It provides in relevant part that "[o]n the debtor's or another party in interest's motion, the court may, under § 350(b), reopen a case." Fed. R. Bankr. P. 5010. Rule 5010 further states that [i]n a reopened Chapter 7… case, the United States trustee must not appoint a trustee unless the court determines that one is needed to protect the interests of the creditors and the debtor, or to ensure that the reopened case is efficiently administered."

11. Pursuant to Bankruptcy Code Section 350(b), "[r]eopening a case to administer assets is a statutorily explicit reason to reopen a case . . . ." *In re Miller*, 347 B.R. 48, 56 (Bankr. S.D. Tex. 2006). *See also In re Riazuddin*, 363 B.R. 177, 183-84 (BAP 10th Cir. 2007) ("it is the *duty* of the court to reopen a case whenever prima facie proof is made that the estate has not been fully administered") (emphasis in the original, citations omitted); *In re Rochester*, 308 B.R. 596, 600 (Bankr. N.D. Ga. 2004); ("[m]ore pertinent is the notion that a bankruptcy court may in fact have a *duty* to reopen a case in which new assets have been discovered in order to ensure that the assets are administered for the benefits of the debtor's creditors.") (emphasis added). Further,

courts routinely grant motions to reopen, whereas here, there is no evidence of "fraud or concealment of [the] asset, or of bad faith." *In re Stein*, 394 B.R. 13, 18 (Bankr. E.D.N.Y. 2008) (reopening chapter 7 case so that debtor could amend schedule to list an interest in real property where debtor did not come to understand that he had an ownership interest in the property until eight years after the case was closed).

12. An asset that is not listed in a debtor's schedules or otherwise disclosed remains property of the estate which is not abandoned when the case is closed. *In re Miller*, 363 B.R. at 53. Thus, in *In re Lopez*, 283 B.R. 22, (BAP 9th Cir. 2002) a bankruptcy appeal panel reversed the bankruptcy court's denial of a motion to reopen to add to the debtor's schedules a prepetition sexual harassment case which had not been scheduled during the pendency of the bankruptcy case. The appellate panel stated:

> the court has the duty to reopen an estate whenever prima facie proof is made that it has not been fully administered . . . In particular, it is an abuse of discretion to deny a motion to reopen where assets of such probability, administrability, and substance appear to exist as to make it unreasonable under all circumstances for the court not to deal with them.

*In re Lopez*, 283 B.R. at 27.

13. There was no bad faith in the failure to disclose the claims asserted in the State Action because at the time of the filing and pendency of Debtors' bankruptcy case, the Debtor did not believe that the State Court Claims were viable claims. However, because the Debtor's interest in the claims was not disclosed, it was not administered or abandoned in the Chapter 7 Case.

14. The Defendants in the State Court Case have agreed to settle for the amount of 400,000. This amount is small compensation for the grievous harm caused to the Debtor as a child. However, under applicable Illinois law, there are challenges to pursuing such claim for greater recovery including on the basis of a statute of limitations that the Defendants argue precludes recovery entirely. Based on the settlement amount, the age of the Chapter 7 Case, the Debtor's

lack of awareness of his claims against the Defendants, there is a likelihood that the settlement with the Defendants will be used to satisfy (a) legal fees and (b) the cost of administering the estate by (i) providing notices to creditors who have long ago written off the debt, (ii) seeking approval of the settlement agreement and (iii) paying Chapter 7 Trustee fees, expenses and commissions. As such, the Debtor respectfully requests that the Court reopen the case and enter an order (a) deeming the schedules amended to include the State Court Claims, (b) determining that no chapter 7 trustee is needed to protect the interests of creditors and the Debtor and (c) closing the case immediately upon entry of the order.

## NOTICE

15. Notice of this Motion has been given to the United States Trustee, the former Chapter 7 Trustee, and the State Court Defendants. The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief sought in this Motion has been made to this Court or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order reopening the Debtor's Chapter 7 Case and granting such other and further relief as is just and proper.

**Dated: August 20, 2026**

***s/ Jeffrey J. Bursell***

Jeffrey J. Bursell #0293362
**SOLVENT PLLC**
2223 5TH St.
P.O. Box 10860
St. Paul, MN 55110-3024
651.374.8881
jeff@solventlaw.com

**VERIFICATION**

I, Jeffrey J. Bursell, debtors' attorney in the above bankruptcy proceeding state that I have read the foregoing Motion and declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge and belief.

**Dated: August 20, 2026**

**s/ *Jeffrey J. Bursell***

Jeffrey J. Bursell #0293362
**SOLVENT PLLC**
2223 5TH St.
P.O. Box 10860
St. Paul, MN 55110-3024
651.374.8881
jeff@solventlaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Bky No. 03-43906 |
| Thomas Donahue | Chapter 7 |
| Debtor. | |

## ORDER GRANTING THE APPLICATION TO REOPEN

An application to reopen this bankruptcy case has been filed and appears to show cause for such reopening under 11 U.S.C. § 350(b) and Federal Rule of Bankruptcy Procedure 5010.

IT IS THEREFORE ORDERED:

1. The Debtor's case is reopened to allow him to amend Schedules A/B and C to list an undisclosed personal injury claim.

Dated:

___________________________________
United States Bankruptcy Judge